# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-74-FDW

SAMUEL MEDINA,  )
                )
      Plaintiff,  )
                )
vs.             )     **ORDER**
                )
UNITED STATES, et al.,  )
                )
      Defendants.  )
                )

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1). Plaintiff has filed an Application to proceed *in forma pauperis*. (Doc. No. 4).

## I. BACKGROUND

*Pro se* Plaintiff purports to file a civil rights suit pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, ("FTCA"). He names as Defendants the United States and "John Does 1-99." (Doc. No. 1 at 1). The Complaint addresses incidents that allegedly occurred at the Buncombe County Detention Facility ("BCDF") in Asheville, North Carolina, pending federal criminal charges.[1] He alleges claims pursuant to the FTCA and Bivens for the use of solitary confinement to extort a plea of guilty and to impose extrajudicial punishment, and for conversion.

Plaintiff alleges that he was jailed in BCDF on federal criminal charges in April 2016. He repeatedly asked his public defender for a bond hearing, but he was told that counsel was waiting to review discovery which was provided to counsel soon after the commencement of federal

---

[1] Plaintiff is currently incarcerated in the Jesup Federal Correctional Institution – Low in Jesup, Georgia.

1

criminal charges. Plaintiff was taken from BCDF to a bond hearing on July 27, 2016. Before and during the hearing, Plaintiff asked counsel to request reasonable bail so he could remain free until trial in order to assist his attorney, access the law, and mount a reasonable defense regarding criminal liability and sentencing. Counsel told Plaintiff that a request for bail would make the Government angry with him and that it was best if he said he did not want a bond hearing. Plaintiff nevertheless told counsel to request reasonable bail and counsel did so.

Immediately upon returning from the bond hearing on July 27, BCDF guards told Plaintiff that he had five minutes to get his property together. Plaintiff packed his property without knowing the reason for the order. He was immediately escorted to solitary confinement. Plaintiff made numerous inquiries about the reason for being placed in solitary and made written administrative requests.

Plaintiff's lawyer came to meet with Plaintiff a few days later with a plea offer. Counsel said he did not know why Plaintiff was in solitary, but that if he signed a plea deal, his "trouble" would go away. (Doc. No. 1 at 2). Plaintiff understood "trouble" to mean being locked up in solitary confinement and otherwise abused or treated worse than other inmates. (Id.). Counsel told Plaintiff during that meeting that, if he did not accept the plea offer, his situation would only get worse. Plaintiff believed that counsel was telling the truth. Plaintiff chose to plead guilty within about two weeks of the bond hearing specifically for the purpose of alleviating solitary confinement.

Plaintiff is unlawfully being denied access to state law by the "Department of Justice – Federal Bureau of Prisons." (Doc. No. 1 at 2). Plaintiff is also being denied access to a reasonable word processor and other office equipment and supplies that would "allow him to craft creditable legal documents." (Id.). He believes these denials are done for the purpose and with the effect of

denying prison inmates reasonable access to the courts. All facts necessary to establish the legal foundation for an FTCA claim about extortion of a guilty plea are in existence.

Despite Plaintiff's guilty plea, he was kept in solitary confinement for approximately nine more months. This extended solitary cause Plaintiff serious injury and damage. The United States "and the responsible employees" were well aware of the damage caused by solitary confinement. (Id.). The Government has promulgated guidelines for the use of solitary confinement. Plaintiff's solitary confinement was a "flagrant violation" of numerous federal rules and guidelines. (Id.). The extended solitary confinement was the result Plaintiff hoped to avoid by pleading guilty. The use of solitary confinement "for gratuitous cruelty amounts to false imprisonment." (Id.).

Plaintiff was placed in solitary confinement "at the specific request of persons employed by the US Marshals Service." (Id.). This punishment amounts to false imprisonment, cruel and unusual punishment, abuse of official powers, violation of due process, violation of the right to a jury trial and proof of the facts, and violation of other laws and regulations. Plaintiff has not been told who gave the orders to place him in solitary but will amend his Complaint after he learns their identities during discovery.

Plaintiff was never given a copy of the rules, regulations, or contract with the US Marshals service so that he could "effectively pursue his legal rights and terminate the solitary confinement." (Id.). The solitary confinement imposed on Plaintiff violated "well known rules and protocols of the US Department of Justice … and or its subsidiary the Federal Bureau of Prisons …, and of the US Marshals Service." (Doc. No. 1 at 3). The US Marshals Service is "duty bound to contract with only the detention facilities that comply with the requirements of the American Correctional Association (ACA)." (Id.). The use of extended solitary confinement without due process or adequate legal reason is a flagrant violation of the ACA as set forth in the Standards of Adult

3

Correctional Institutions, 4th Edition. Plaintiff was allowed out of solitary confinement only three times per week, for one hour each time, and had to get a shower, do any legal work, make calls, exercise, and attend to all other matters during that period.

This wrongful conduct is part of a pattern and practice of using terror against criminal defendants, especially those who stand on their legal rights or attempt to do so. The parties who participated in the wrongful conduct against Plaintiff intended to use Plaintiff as an example, to terrorize other criminal defendants into waiving substantial legal rights, abandoning claims for the recovery of seized property, or otherwise asserting and vindicating rights secured by the constitution and laws of the states and United States. The perpetrators of these acts "intended to retaliate against Plaintiff for peaceful petition of grievances, both to terrorize Plaintiff and to 'send a message' to other criminal defendants who might wish to honestly legitimately exercise their legal rights of peaceful petition for the redress of grievances." (Doc. No. 1 at 3).

At the time of his arrest, Plaintiff was carrying $2,100 in his pants pocket. The officer who patted Plaintiff down took the money and did not give Plaintiff a receipt to acknowledge the confiscation. The seizure of property without a receipt amounts to conversion. Plaintiff believes that one of the reasons that Plaintiff was placed in solitary confinement was to allow a "corrupt and dishonest federal employee to steal money from his pockets and avoid liability, complaint, investigation, punishment for public corruption, or any other repercussions for using his position and privileges for his own unlawful personal enrichment." (Id.).

Plaintiff suffered injury and damage flowing from the solitary confinement, specifically, serious, chronic pain in his right shoulder, right hip, and right knee. He also suffered "serious emotional and psychic anguish and distress" as a result of the solitary confinement. (Id.).

Plaintiff states that he "proceeds on a theory of negligence as to all counts, as well as any

4

other claim stated or reasonably disclosed by the alleged facts." (Doc. No. 1 at 1). Plaintiff also alleges that he has exhausted all available remedies. With regards to the FTCA claims, Plaintiff alleges that he submitted an FTCA tort claim, that the U.S. Marshals Service acknowledged its receipt on November 3, 2017 and that the time to respond has expired.

## II. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has filed an Application to Proceed in District Court Without Prepaying Fees or Costs which is pending before the Court. (Doc. No. 2). Plaintiff, who is incarcerated, states that his only source of income is gifts from family and $17 per month in income from his prison job. (Doc. No. 1 at 1). He is unable to contribute to the support of his three minor children and has no money in cash or bank accounts, or any other assets. (Doc. No. 1 at 2). He has no monthly bills but does owe $25 from an "assessment fee." (Doc. No. 1 at 2). A prisoner trust account statement from June 2019 reveals that Plaintiff has an account balance of $45.38. (Doc. No. 6 at 1).

The Court is satisfied that Plaintiff does not have sufficient funds with which to prepay the filing fee. Therefore, Plaintiff's motion will be granted and the Clerk of Court will be instructed to enter an Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments.

## III. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319,

327-28 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, the statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**IV. DISCUSSION**

**(1) FTCA**

The Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 2671–2680 (2000), provides the exclusive remedy for torts committed by a government employee in the scope of his employment. See United States v. Smith, 499 U.S. 160, 165–66 (1991). An action under the FTCA proceeds only against the United States. 28 U.S.C. § 2679(a). Federal employees who are sued for actions within the scope of their office or employment are immunized, and the United States is substituted in their place. 28 U.S.C. § 2679 (2000). Venue is proper only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred. 28 U.S.C.A. § 1402(b).

Punitive damages are not available under the FTCA. 28 U.S.C.A. § 2674.

The FTCA is a limited waiver of sovereign immunity, and therefore courts must strictly interpret and apply it. United States v. Sherwood, 312 U.S. 584, 590 (1941); Gould v. U.S. Dep't of Health & Human Servs., 905 F.2d 738, 741 (4th Cir. 1990). Under the FTCA, procedural matters are governed by federal law; however, the FTCA directs courts to examine substantive legal issues pursuant to the laws of the place where the act or omission occurred. Miller v. United States, 932 F.2d 301, 303 (4th Cir. 1991) ("A plaintiff has an FTCA cause of action against the government only if []he would also have a cause of action under state law against a private person in like circumstances. State law determines whether there is an underlying cause of action....") (internal citations omitted); Dunbar Corp. v. Lindsey, 905 F.2d 754, 757 (4th Cir. 1990) ("United States' liability under the FTCA depends upon state law."). "FTCA's limited waiver of sovereign immunity extends no farther than the limits of private tort liability." Ready Transp., Inc. v. Military Traffic Mgmt. Command, 86 Fed. Appx. 561, 565 (4th Cir. 2004) (citing 28 U.S.C. § 2674). Therefore, FTCA provides no remedy for constitutional torts. Id.; Estate of Purkey ex rel. Purkey v. United States, 299 F. Supp. 2d 539 (W.D.N.C. 2004) (violation of federal statute cannot form basis for FTCA claim, so North Carolina law alone applies).

A key jurisdictional prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident. See 28 U.S.C. § 2401(b) (1994) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues…."). Moreover, "the requirement of filing an administrative claim is jurisdictional and may not be waived." Kokotis v. U.S. Postal Serv., 223 F.3d 275, 279 (4th Cir. 2000). If the plaintiff has not exhausted his or her administrative remedies, the court must dismiss for lack of subject matter jurisdiction. See Plyler

v. United States, 900 F.2d 41, 42 (4th Cir. 1990).

Plaintiff claims that he exhausted his claims by alleging that he filed an FTCA complaint to the U.S. Marshals Service, and that six months have expired without having been resolved. See 28 U.S.C. § 2675(a). Plaintiff argues that his guilty plea was extorted and that he was falsely imprisoned in solitary confinement. It is unclear whether he also intends to claim conversion under the FTCA and he has failed to raise a conversion claim in the FTCA documents he has filed with the Court. Each of Plaintiff's FTCA claims will be addressed in turn.

First, Plaintiff's claim of "extortion" is not cognizable under FTCA. No civil cause of action for extortion currently exists under North Carolina law, and therefore, Plaintiff cannot assert this claim under the FTCA. See N.C. Gen. Stat. § 14-118.4; Hester v. Hubert Vester Ford, Inc., 239 N.C. App. 22, 31, 767 S.E.2d 129, 136 (2015) (citing Free Spirit Aviation, Inc. v. Rutherford Airport Auth., 191 N.C.App. 581, 585, 664 S.E.2d 8, 12 (2008)). Plaintiff's suggestion within the extortion claim that he was denied access to the courts is a constitutional claim that cannot be raised under the FTCA.

Second, Plaintiff claims that he was falsely imprisoned by being placed in segregation. This claim is not cognizable because the United States' sovereign immunity is not waived under the FTCA for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h); Campos v. United States, 888 F.3d 724, 730 (5th Cir. Apr. 24, 2018). Therefore, the Court lacks jurisdiction over Plaintiff's false imprisonment claim. See Benston v. Evans, 170 Fed. Appx. 269 (4th Cir. 2006). Further, to the extent that Plaintiff complains about his placement and classification, this claim is barred by FTCA's discretionary function exception. Plaintiff alleges that he was placed in segregated housing based on the

direction of the U.S. Marshals Service. However, the United States is not liable under the FTCA for "[a]ny claim based upon ... the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "The discretionary function exception 'marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals.'" Holbrook v. United States, 673 F.3d 341, 345 (4th Cir. 2012) (quoting United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984)). Courts have consistently held that decisions regarding inmate placement and classification fall within the discretionary function exception to the FTCA. See Petrovic v. United States, 2018 WL 9457987, at *8–9 (E.D.N.C. Sept. 12, 2018) (collecting cases); see, e.g., Thompson v. United States, 2018 WL 3594981 (E.D.N.C. July 26, 2018) (dismissing FTCA claim regarding inmate's termination from a prison work assignment under FTCA's discretionary function exception as frivolous). Moreover, to the extent that Plaintiff alleges he is being subjected to cruel and unusual punishment or that he was placed in segregation without due process, these are constitutional claims that are more appropriately brought in a Bivens civil rights suit. See Section (2), *infra.*

Third, to the extent that Plaintiff attempts to assert a claim for conversion under the FTCA, it is barred. Plaintiff alleges that an "officer" took $2,100 from his pants pocket upon his arrest without completing a receipt, and that the money was converted. Plaintiff fails to explain how money's alleged loss was due to the negligence of a United States employee. Further, the FTCA documents Plaintiff has filed make no mention of his conversion claim. Therefore, Plaintiff's conversion claim under the FTCA will be dismissed.

9

Finally, Plaintiff's broad allegation of "negligence" fails to state a claim upon which relief can be granted. See generally Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim showing that the pleader is entitled to relief); Eisenberg v. Wachovia Bank, N.A., 301 F.3d 220 (4th Cir. 2002) (under North Carolina law, "[n]egligence is the failure to exercise proper care in the performance of a legal duty owed by a defendant to a plaintiff under the circumstances.") (quotation omitted). Plaintiff's claims of "negligence" are too vague and conclusory to proceed and they will be dismissed.

Plaintiff has failed to state a facially sufficient claim under the FTCA and, therefore, his FTCA claims will be dismissed.

**(2)** **Bivens**

To state a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), a plaintiff must allege that a defendant is a federal agent who acted under the color of authority and engaged in unconstitutional conduct. The purpose of Bivens is to "deter individual *federal* officers from committing constitutional violations." Holly v. Scott, 434 F.3d 287, 291 (4th Cir. 2006) (quoting Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001)); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982) (§ 1983 applies only to state actors)).

Plaintiff names as Defendants the United States and John Does, presumably, "persons employed by the US Marshal Service" who ordered him to be placed in solitary confinement. (Doc. No. 1 at 2). He seeks to amend the Complaint to "name the guilty parties as defendants" after discovery reveals their identities. (Doc. No. 1 at 3).

Plaintiff alleges that the federal arresting agent converted the $2,100 that was in Plaintiff's pants pocket when he was arrested. Plaintiff further alleges that he was placed in solitary

10

confinement for nine months without due process in cruel and unusual conditions that resulted in serious chronic pain in shoulder, hip, knee, and emotional anguish. Plaintiff appears to argue that the solitary confinement was in retaliation for insisting on a bond hearing. These claims are not frivolous on their face and they will be permitted to pass initial review against the **John Doe federal agent** who arrested Plaintiff in April 2016, and against **John Doe employee(s) of the U.S. Marshals Service** who ordered Plaintiff to be placed in solitary confinement in late July 2016. See generally Sloan v. City of Asheville Police, 974 F.2d 1332, 1332 n.1 (4th Cir. 1992) (where a pro se litigant alleges a cause of action which may be meritorious against persons unknown, the practice of this Court has been to "afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted."); see, e.g., Bivens, 403 U.S. at 390 n.2 (ordering that the complaint be served on "those federal agents who it is indicated by the records of the United States Attorney participated in the November 25, 1965 arrest of the (petitioner).").

However, Plaintiff's claims of false imprisonment, abuse of power, deprivation of jury trial would necessarily imply the invalidity of his conviction and sentence. The Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that:

> to recover damages for … harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus….

Id. at 485.

For Heck to bar a § 1983 or Bivens claim: (1) a judgment in favor of the plaintiff must necessarily imply the invalidity of a plaintiff's conviction or sentence; and (2) the claim must be brought by a claimant who is either (i) currently in custody or (ii) no longer in custody because the

11

sentence has been served, but nevertheless could have practicably sought habeas relief while in custody. Griffin v. Baltimore Police Dep't, 804 F.3d 692, 696 (4th Cir. 2015) (citing Covey v. Assessor of Ohio Cty., 777 F.3d 186, 197 (4th Cir. 2015)).

Plaintiff allegations that he was falsely imprisoned and that his guilty plea was coerced by his placement in solitary confinement necessarily implies the invalidity of his conviction and sentence. He is still in BOP custody, presents no evidence that his conviction has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Therefore, Heck bars the claims of false imprisonment and that his guilty plea was coerced.

Plaintiff's claims of cruel and unusual punishment, retaliation, and conversion will therefore be permitted to proceed against the John Doe federal arresting agent and John Doe Marshals Service employee(s) who ordered Plaintiff to be placed in solitary confinement at BCDF. However, Plaintiff's remaining Bivens claims will be dismissed for failure to state a claim upon which relief can be granted.

### V.     CONLUSION

Plaintiff's Application to proceed *in forma pauperis* is granted. For the reasons stated herein, Plaintiff's FTCA claims are dismissed. Plaintiff's Bivens claims of cruel and unusual conditions of confinement, violation of due process, retaliation, and conversion will therefore be permitted to proceed against the John Doe federal arresting agent and John Doe Marshals Service employee(s) who ordered Plaintiff to be placed in solitary confinement at BCDF, but Plaintiff's remaining Bivens claims will be dismissed for failure to state a claim upon which relief can be granted.

**IT IS, THEREFORE, ORDERED that:**

1.   Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**.

2. The Clerk of Court is directed to enter an Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments.

3. The Complaint has passed initial review on Plaintiff's <u>Bivens</u> claims of cruel and unusual conditions of confinement, violation of due process, retaliation, and conversion. The remaining <u>Bivens</u> claims and the FTCA claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4. **IT IS FURTHER ORDERED THAT** the Clerk is directed to prepare and issue summons forms and direct the U.S. Marshal to effectuate service on: **John Doe federal agent** who arrested Plaintiff in April 2016; **John Doe employee(s) of the U.S. Marshals Service** who ordered Plaintiff to be placed in solitary confinement in late July 2016; **the local U.S. Attorney** and **the U.S. Attorney General**.

Signed: November 5, 2019

Frank D. Whitney
Chief United States District Judge