# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00074-MR

| | |
|---|---|
| SAMUEL MEDINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on sua sponte review of the record.

The *pro se* incarcerated Plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act. [Doc. 1]. He is proceeding *in forma pauperis*. [See Doc. 8].

The Complaint passed initial review on Bivens claims that a John Doe federal agent took $2,100 from the Plaintiff during his arrest and that John Doe U.S. Marshals Service employee(s) ordered that the Plaintiff be placed in solitary confinement at the Buncombe County Detention Facility ("BCDF") while Plaintiff was being held on federal criminal charges. [See Doc. 7]. Summonses were returned unexecuted as to both the John Doe federal agent and the John Doe U.S. Marshals Service employee(s). [Doc. 10]. The

summons returns indicate that the arresting DEA agent is now deceased and that "USMS did not order plaintiff [to be] placed in solitary confinement." [Doc. 10 at 4].

An *in forma pauperis* proceeding shall be dismissed "at any time" if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted…." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The doctrine of res judicata encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel. In re Varat Enters., Inc., 81 F.3d 1310, 1315 (4th Cir. 1996) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation "not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." Varat, 81 F.3d at 1315 (citing Nevada v. United States, 463 U.S. 110, 129–30 (1983)). Issue preclusion is more narrowly drawn and applies when the later litigation arises from a different cause of action between the same parties. Varat, 81 F.3d at 1315. Issue preclusion operates to bar subsequent litigation of those legal and factual issues common to both actions that were "actually and necessarily determined by a court of competent jurisdiction in the first litigation." Varat, 81 F.3d at 1315 (quoting Montana v. United States,

440 U.S. 147, 153 (1979)).  Thus, while issue preclusion applies only when an issue has been actually litigated, claim preclusion requires only a valid and final judgment.

Although res judicata is an affirmative defense that typically must be raised by an opposing party, a court may raise it *sua sponte* in "special circumstances."  Arizona v. California, 530 U.S. 392, 412 (2000) (quoting United States v. Sioux Nation, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting) (internal quotation marks omitted.); see Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006) (determining that res judicata may be raised and considered sua sponte because it implicates important institutional interests of the judiciary).  Special circumstances exist where "a court is on notice that it has previously decided the issue presented." Arizona, 530 U.S. at 412.

Here, Plaintiff alleges that a federal agent seized $2,100 from him at the time of his arrest.  He alleges that "[t]he officer who patted Plaintiff down took the money from Plaintiff's pants pockets [and] [s]aid officer did not give a receipt [to] acknowledge any confiscation of Plaintiff's money or property," which constitutes conversion.  [Doc. 1 at 3].

This Court's records, of which it takes judicial notice, Fed. R. Evid. 201, reveal that Plaintiff came before the undersigned on federal drug charges in

Criminal Case No. 1:16-cr-00051-MR-WCM-2 ("CR"). Plaintiff pleaded guilty to distribution and possession with intent to distribute a quantity of methamphetamine. [CR Doc. 14]. In accordance with a Plea Agreement, Plaintiff agreed that "[w]ith regard to each and every asset listed in the Bill of Indictment or seized in a related investigation or administrative, state, or local action… [t]o its forfeiture … or in a separate administrative or civil judicial proceeding"[1] and "[t]hat the property may be returned to the true owner or treated as abandoned property." [CR Doc. 89 at ¶ 9] (emphasis added). Plaintiff further agreed to "waive[ ] all rights to notice of forfeiture … and of any other action or proceeding regarding such assets." [CR Doc. 89 at ¶ 10]. The Factual Basis in support of the Plaintiff's guilty plea, which Plaintiff admitted is true and accurate, provides that a confidential source "paid MEDINA $2,100.00 in U.S. currency for the purchase of crystal meth" on March 1, 2016 which was subsequently seized from the vehicle in which Plaintiff was traveling.[2] [CR 90 at 2-3]; see [CR Doc. 133 at 22-23] (Rule 11 hearing transcript).

---

[1] The Bill of Indictment specifically refers to firearms and ammunition, $16,009 seized during a vehicle stop involving the Plaintiff on March 1, 2016, and currency seized during a vehicle stop of a co-defendant. [CR Doc. 14 at 7].

[2] The March 1 traffic stop resulted in Plaintiff's arrest on state charges. [CR Doc. 90 at 4]. The Plaintiff bonded out on the state charges and he was arrested on a federal warrant on March 30, 2016. [CR Doc. 90 at 4].

Plaintiff was adjudicated guilty and sentenced pursuant to the Plea Agreement. [CR Doc. 125]. The Fourth Circuit Court of Appeals dismissed Plaintiff's direct appeal [CR Doc. 136], and Petitioner's motions to vacate pursuant to 28 U.S.C. § 2255 were unsuccessful. [CR Doc. 132, 164]; United States v. Medina, 776 F. App'x 148 (4th Cir. 2019) (denying a certificate of appealability and dismissing Plaintiff's § 2255 appeal).

Plaintiff filed a *pro se* Verified Motion for the Return of Seized or Stolen Money and Property in the criminal case on September 11, 2019, after the criminal judgment was entered. [CR Doc. 174]. He alleged that, on March 1, 2016, "a purported agent of the federal government searched the person of the defendant"; that said agent then "took $2,100 from Defendant's pockets"; and that the seizure was not properly documented. [CR Doc. 174 at 2]. The Court construed the Motion as one pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure and denied relief because the $2,100 was "buy money" used by a confidential informant to purchase crystal methamphetamine from the Plaintiff and, as such, the Plaintiff "[was] not lawfully entitled to the return of those funds." [CR Doc. 178 at 2, 4].

In the instant case, Plaintiff seeks the return of the same $2,100 that was seized by a federal agent, and for which this Court denied Rule 41(g) relief. The order denying Rule 41(g) relief had a preclusive effect on any

subsequent claim by Plaintiff seeking the return of, or compensation for, that same property. See Greathouse v. U.S. Attorney, 2019 WL 2079465 (S.D. W.Va. April 19, 2019) (dismissing § 1983 action on initial review for the loss of $14,970 of U.S. currency that was seized as drug proceeds during his federal criminal prosecution, and which was the subject of an unsuccessful Rule 41(g) motion), report adopted, 2019 WL 2079766 (May 10, 2019); Lewandowski v. Property Clerk, 209 F.Supp.2d 19, 22-23 (D.D.C. 2002) (finding that res judicata precluded a civil rights action for the return of seized property). Therefore, Plaintiff's present claim for the $2,100 will be dismissed.

Alternatively, it appears that Plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district

> court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted; emphasis added). The rationale in Heck applies to Bivens actions. Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997).

In the instant case, Plaintiff seeks the return of $2,100 which he voluntarily forfeited as a part of his guilty plea, and which the Court found to be "buy money" to which Plaintiff is not legally entitled. The return of the $2,100 under these circumstances would necessarily call the validity of his criminal conviction into question. See, e.g., Elliot v. Johnson Lexus of Raleigh, 2014 WL 6389592, at *4 (E.D.N.C. Nov. 14, 2014) (dismissing Bivens claim for a wrongly seized motor vehicle as barred under Heck because criminal information to which plaintiff pleaded guilty contained a forfeiture provision that included the property that plaintiff alleged was wrongfully seized); Anderson v. State of Md., No. Civ. A. AMD-04-4071, 2005 WL 3877407, at *1 (D. Md. Jan. 28, 2005), aff'd sub nom. Anderson v. Md., 126 F. App'x 154 (4th Cir. 2005) (dismissing claims for the allegedly unlawful

forfeiture of plaintiffs property where plaintiff was convicted of the offenses for which he was arrested). Accordingly, Plaintiff's claim for the $2,100 also appears to be barred by Heck and is subject to dismissal on that basis as well.

The only remaining claims are those that Plaintiff asserts against the John Doe U.S. Marshals Service employee(s) who allegedly ordered Plaintiff to be placed in solitary confinement at the BCDF. These Defendants have not yet been served.

Generally, a plaintiff is responsible for effectuating service on each named defendant within the time frame set forth in Fed. R. Civ. P. 4(m) and failure to do so subjects the action to dismissal. However, "if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Fed. R. Civ. P. 4(m) if the defendant could have been located with reasonable effort." Greene v. Holloway, 210 F.3d 361, 361 (4th Cir. 2000) (table) (citing Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995)).

The summons for the Marshals Service employee(s) was returned unexecuted because "USMS did not order placed in solitary confinement." [Doc. 10 at 4]. Liberally construing the Complaint, Plaintiff appears to refer

Case 1:19-cv-00074-MR   Document 13   Filed 06/24/20   Page 8 of 10

to the Marshals Service employee(s) who directed *or recommended* that he be placed in solitary confinement at BCDF. The Marshals Service must therefore use reasonable efforts to identify any employee(s) involved in an incident to which Plaintiff appears to refer, if any can be ascertained. See Greene, 210 F.3d at 361 (where the district court dismissed a defendant who no longer worked at the address where service was attempted, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort"). Any argument that the Marshals Service employee(s) who issued such directive or recommendation is not liable because it was not binding on BCDF is properly raised in a dispositive motion; it is not a basis for avoiding service.

**IT IS, THEREFORE ORDERED** that Plaintiff's claim against the John Doe arresting federal agent is **DISMISSED**.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall use all reasonable efforts to ascertain, locate and obtain service on any John Doe Marshals Service employee(s) who directed or recommended that Plaintiff be placed in solitary confinement in late July 2016. If the Marshals Service is unable to obtain service on these Defendant(s), it shall inform the Court of the reasonable attempts to obtain service. Defendant's home

9

address(es) shall be redacted from the summons forms for security purposes.

**IT IS FURTHER ORDERED** that the Clerk is respectfully instructed to mail copies of the Complaint and this Order to the U.S. Marshals Service and U.S. Attorney's Office, Civil Division.

**IT IS SO ORDERED**.

Signed: June 24, 2020

Martin Reidinger
Chief United States District Judge