IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00074-MR

SAMUEL MEDINA,            )
                          )
            Plaintiff,    )
                          )
vs.                       )
                          )   **MEMORANDUM OF**
UNITED STATES, et al.,    )   **DECISION AND ORDER**
                          )
            Defendants.   )
_____)

**THIS MATTER** comes before the Court on Defendant Mark Chapman's Motion to Dismiss. [Doc. 18].

**I.  BACKGROUND**

The incarcerated Plaintiff, proceeding *pro se*, filed this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), for the alleged violation of his civil rights in connection with the conditions of his pretrial detention at the Buncombe County Detention Center ("BCDC") on federal charges.[1]  The sole Defendant

---

[1] The Complaint also passed initial review on a claim that the law enforcement officer who arrested him improperly confiscated cash from him at the time of his arrest. [Doc. 7]. At that time, the case was assigned to Judge Frank D. Whitney. That claim was subsequently dismissed as barred by *res judicata.* [Doc. 13].

remaining in the case is Mark Chapman, the supervisory deputy United States Marshall at the relevant time.

The Plaintiff alleges that Defendant Chapman violated his constitutional rights by having him placed in solitary confinement while he was a federal pretrial detainee at BCDC.[2]

Defendant Chapman has now filed a Motion to Dismiss, arguing that the Plaintiff has failed to state a claim upon which relief can be granted and that he is entitled to qualified immunity.[3] [Doc. 18]. The Plaintiff was informed of his right to respond to the Motion to Dismiss pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). [Doc. 20]. The Plaintiff filed a Response [Doc. 21], and Defendant Chapman filed a Reply.[4] [Doc. 24].

---

[2] The Plaintiff pleaded guilty to one count of conspiracy to distribute methamphetamine and is presently serving a 188-month sentence. [See Criminal Case No. 1:16-cr-00051-MR-WCM-2 ("CR") Doc. 125].

[3] The Court will not consider the Declaration of Otis Hamilton, a supervisory deputy U.S. Marshal, that the United States filed in the instant civil action. [Doc. 12-1: Hamilton Decl.]. Doing so would convert the instant Motion to Dismiss into a Motion for Summary Judgment, which the Court declines to do. See Sec'y of State for Def. v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (when deciding a motion to dismiss under Rule 12(b)(6), the Court considers only the complaint and any attached documents "integral to the complaint.").

[4] The Plaintiff filed a Motion seeking an extension of time to file a sur-reply which was denied as moot because fairness did not dictate that the Court grant the Plaintiff leave to file a sur-reply. [Doc. 26]. The Plaintiff nevertheless filed a Sur-Reply, which will be stricken as improperly filed. [Doc. 27]. Even if the Sur-Reply were considered, however, it would not change the Court's analysis of the Motion to Dismiss in any way.

## II. STANDARD OF REVIEW

In a motion made pursuant to Rule 12(b)(6), the central issue is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In that context, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192.

The court is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement…." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Twombly, 50 U.S. at 570. In short, the well-pled factual allegations must move a plaintiff's

3

claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

## III. FACTUAL BACKGROUND

The Plaintiff's Complaint alleges that he was jailed at BCDC on federal criminal charges in April 2016. The Plaintiff alleges that he insisted on requesting bond even though his lawyer told him that doing so would make the Government "angry" with him. [Doc. 1: Complaint at 1]. The Plaintiff alleges that immediately upon returning to BCDC from his detention hearing on July 27, 2016, BCDC guards placed the Plaintiff in solitary confinement without due process or even being told the reason for this order. [Id. at 2]. The Plaintiff believes that he was placed in solitary confinement in retaliation for having exercised his First Amendment right to request bond. [Id. at 3]. The Plaintiff pleaded guilty in the federal criminal case about two weeks later because his lawyer told him that signing a plea deal would make his "trouble" go away, which the Plaintiff understood to mean that he would be released from solitary confinement. [Id. at 2]. However, the Plaintiff remained in solitary confinement for another nine months after pleading guilty. [Id.].

The record in the Plaintiff's criminal case, of which the Court takes judicial notice,[5] reflects that Plaintiff's attorney filed a Motion for Detention Hearing on July 20, 2016. [CR Doc. 47]. Magistrate Judge Dennis Howell granted the motion and held a detention hearing on July 27, 2016. The Government presented evidence that the Plaintiff, while he was being held at BCDC, attempted to: continue directing the distribution of methamphetamine; arrange a divorce from his wife and his marriage to another woman who was a potential witness so that he could prevent her from testifying through spousal immunity; and arrange for retaliation against a cooperating witness. [CR Doc. 63: Courtroom Recording of July 27, 2016 Detention Hearing); see also CR Doc. 134: Sentencing Transcript at 28 (discussing threats of retaliation made by Plaintiff)]. Magistrate Judge Howell denied the Plaintiff's Motion for pretrial release and entered an Order of Detention after finding, *inter alia*, that "[l]etters written by the defendant were introduced into evidence … showing the continued efforts of defendant to direct distribution of methamphetamine and procure payment for the drug

---

[5] Courts may consider facts and documents subject to judicial notice without converting a motion to dismiss into a motion for summary judgment. Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds*, Reed v. Town of Gilbert, 576 U.S. 155 (2015). "Under this exception, courts may consider relevant facts obtained from the public record, so long as these facts are construed in the light most favorable to the plaintiff along with the well-pleaded allegations of the complaint." Id. (internal quotation marks omitted).

[and] … that the defendant has attempted to convince his wife to obtain a divorce so he can marry a potential witness in an attempt to preclude that witness from testifying [against him]." [CR Doc. 65: Addendum to Order of Detention at 3; see also CR Doc. 62: Order of Detention].

At BCDC, the Plaintiff submitted a written grievance regarding his placement in solitary confinement. A written response dated August 1, 2016 states: "Your housing assignment was changed at the request of the U.S. Marshalls Service. Until we are directed to do differently by them your current assignment will remain the same."[6] [Doc. 1-2 at 3: Response to Grievance].

## IV. DISCUSSION

Under Bivens, an individual may bring a civil suit against a federal officer for damages stemming from a constitutional violation. Trulock v. Freeh, 275 F.3d 391, 399 n.1 (4th Cir. 2001). The purpose of Bivens is to "deter individual federal officers from committing constitutional violations." Holly v. Scott, 434 F.3d 287, 291 (4th Cir. 2006) (quoting Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001)); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982) (§ 1983 applies only to state actors)). "[A]

---

[6] The Defendant argues that it is unclear whether the Plaintiff exhausted the available administrative remedies and raises lack of exhaustion to preserve that defense. [Doc. 19 at 8 n.3].

Bivens action does not lie against either agencies or officials in their official capacity." Dao v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) (citing FDIC v. Meyer, 510 U.S. 471, 484-86 (1994)).

The Plaintiff claims that he was improperly placed in solitary confinement and that this was done in retaliation for having requested bond.

### A. Conditions of Pretrial Detention

First, the Plaintiff alleges that he was improperly placed in solitary confinement where he experienced harsh conditions. "[A] pretrial detainee has a right under the Due Process Clause to be free from punishment before his guilt is adjudicated." Tate v. Parks, 791 Fed. App'x 387, 390 (4th Cir. 2019) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). An individual pretrial detainee may raise a substantive due process challenge to his conditions of confinement "where they are so disproportionate or arbitrary that they are not related to legitimate penological objectives and amount to punishment." Id. (citing Williamson v. Stirling, 912 F.3d 154, 174-76 (4th Cir. 2018)). "To prevail on such a claim, a detainee must show that the challenged treatment or conditions were either (1) imposed with an express intent to punish, or (2) not reasonably related to a legitimate nonpunitive objective, in which case an intent to punish may be inferred." Id. (citing Williamson, 912 F.3d at 178).

The Plaintiff has failed to state a claim because he does not allege that Defendant Chapman requested that he be placed in solitary confinement with an express intent to punish rather than in accordance with a legitimate nonpunitive objective. The Government produced evidence at the July 27, 2016 detention hearing which led Magistrate Judge Howell to find that the Plaintiff had engaged in misconduct, including the attempt to continue distributing methamphetamine and to interfere with witnesses while he was detained at BCDC. The Plaintiff has failed to allege that Defendant Chapman's recommendation of solitary confinement was done with an express intent to punish him rather than for a legitimate penological objective of effectuating Judge Howell's order by preventing his further efforts to distribute methamphetamine and interfere with witnesses in the criminal case. See Bell, 441 U.S. at 539 ("if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'"). Moreover, the Plaintiff fails to allege that Defendant Chapman, a deputy U.S. Marshal, had any knowledge of control over the conditions that the Plaintiff allegedly experienced in solitary confinement. Therefore, Defendant Chapman's Motion to Dismiss will be granted on the claim that he improperly recommended that the Plaintiff be placed in solitary confinement.

## B. Retaliation

Second, the Plaintiff alleges that his placement in solitary confinement was in retaliation for having exercised the right to request bond. The First Amendment right to free speech "includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right." Suarez Corp. v. McGraw, 202 F.3d 676, 685 (4th Cir. 2000). Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir.1978). In order to state a colorable retaliation claim under § 1983, a plaintiff must allege: "(1) []he engaged in protected First Amendment activity, (2) the defendant[] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the defendant['s] conduct." Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017) (quoting Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005)). In the prison context, retaliation claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

The Plaintiff has failed to state a claim that his placement in solitary confinement was retaliatory. The record in the criminal case reflects that the Plaintiff requested a detention hearing through counsel on July 20, 2016, but the Plaintiff does not allege that he was placed in solitary confinement at that time. A detention hearing came before Magistrate Judge Howell on July 27, 2016 at which the Government presented evidence that the Plaintiff had attempted to distribute methamphetamine and interfere with witnesses while he was a detained at BCDC. It was not until after Magistrate Judge Howell's findings that the Plaintiff had engaged in misconduct from BCDC that the Plaintiff was placed in solitary confinement. The Plaintiff suggests that the temporal proximity between the detention hearing and his placement in solitary confinement demonstrates that Defendant Chapman's request was in retaliation for the Plaintiff having exercised his right to seek bond. However, a speculative claim based on only temporal proximity between the Plaintiff's detention hearing and his placement in solitary confinement is insufficient to state a constitutional violation. See Adams, 40 F.3d at 74 (conclusory allegations of retaliation are insufficient); Wagner v. Wheeler, 13 F.3d 86, 91 (4th Cir. 1993) ("[T]emporal proximity ... is simply too slender a reed on which to rest" a Section 1983 retaliation claim). The Plaintiff fails to allege any facts demonstrating a causal relationship between Defendant

Chapman's request and the Plaintiff's insistence on a detention hearing. Instead, the record in the criminal case demonstrates that the legitimate penological objective of halting the Plaintiff's efforts to distribute methamphetamine and interfere with potential witnesses unquestionably justified his placement in solitary confinement. Therefore, Defendant Chapman's Motion to Dismiss the retaliation claim will be granted.

### C. Qualified Immunity

Defendant Chapman argues that he is entitled to qualified immunity on the claims asserted against him in his individual capacity.[7] "Qualified immunity protects officers who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful." Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (*en banc*). "To determine whether an officer is entitled to qualified immunity, the court must examine (1) whether the plaintiff has demonstrated that the officer violated a constitutional right and (2) whether that right was clearly established at the time of the alleged violation." E.W. ex rel. T.W. v. Dolgos, 884 F.3d 172, 178 (4th Cir. 2018) (internal quotation marks omitted). The doctrine of qualified immunity "gives government officials breathing room to

---

[7] To the extent that the Plaintiff intended to assert Bivens claims against the United States or against Defendant Chapman in his official capacity, they fail as a matter of law. See Meyers, 510 U.S. at 484-86; Chao, 306 F.3d at 184.

make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." Smith v. Ray, 781 F.3d 95, 100 (4th Cir. 2015) (internal quotation marks omitted).

As set forth in the preceding sections, the Plaintiff has failed to demonstrate that his constitutional rights were violated in any way. Further, it is not clearly established that a pretrial detainee who has attempted to engage in illegal activity from jail has a right to be free from solitary confinement. Defendant Chapman is therefore entitled to qualified immunity, and his Motion to Dismiss will be granted.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss [Doc. 18] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Sur-Reply [Doc. 27] is **STRICKEN** as improperly filed.

The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: April 2, 2021

Martin Reidinger
Chief United States District Judge